UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DESERT SHORES COMMUNITY ASSOCIATION; RAM LLC; MRT ASSETS, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01776-KJD-CWH<br><br>ORDER |

Before the Court is Defendant Desert Shores Community Association's Motion to Dismiss Plaintiff's Complaint (#37). Plaintiff filed a response in opposition (#39) to which Defendants replied (#40).

**I. Background**

This action arises out of a dispute over property located at 3001 Treasure Island Rd., Las Vegas, NV 89128. On or around October 5, 2005, Hagob Palikyan (Borrower) obtained a mortgage loan from Countrywide Home Loans, Inc., in the amount of $311,600. The loan was secured by a deed of trust (the senior deed of trust), recorded against the property on October 17, 2005. That deed of trust was assigned to US Bank National Association and subsequently to Plaintiff, Nationstar Mortgage, LLC.

The Borrower defaulted under the terms of the loan. In June, 2012 Nevada Association Services (NAS) recorded a notice of delinquent assessment lien, stating that the borrower owed

$2,059.70.  After Borrower failed to remit payment, NAS recorded a notice of default and election to sell the property to satisfy the outstanding lien, which, according to NAS, totaled $2,980.33.  On September 16, 2013 NAS recorded a notice of home owner association sale.  At that time the outstanding assessments totaled $4,698.97.

On September 5, 2012, BAC Home Loans Servicing (BANA), as a mortgage servicer for US Bank, contacted Desert Shores Community Association (HOA) and requested a ledger detailing the super-priority lien amount.  HOA did not provide BANA with a ledger detailing the amounts owed.  As a result, BANA attempted to calculate the outstanding balance and remit payment to Defendant, in an attempt to satisfy the super-priority lien amount.  HOA refused the payment and foreclosed on the property on or about October 4, 2013.

Defendant, RAM, LLC (RAM), purchased the property at the foreclosure sale on or around October 18, 2013 for $10,100.00.  RAM transferred the property to Defendant, MRT Assets, LLC (MRT) in September, 2015.  On September 15, 2015 Nationstar brought this action against Defendants claiming four causes of action:  quiet title, breach of NRS 116.1113 against HOA, wrongful foreclosure against HOA, and injunctive relief against RAM and MRT. Defendant HOA now asks the Court to dismiss Plaintiff's claims for breach of NRS 116.1113 and wrongful foreclosure.

**II. Legal Standard for Dismissal**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.  Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted).  Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re StacElecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Circ. 1996) (citation omitted).

**III. Analysis**

Defendant seems to argue both a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as well as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  In support of its 12(b)(1) claim, Defendant argues NRS § 38.310 eliminates this Court's subject matter jurisdiction because Plaintiff failed to mediate this dispute prior to

bringing this action. However, § 38.310 is not a jurisdictional statute; it is an "exhaustion statute that creates prerequisites for filing certain state-law claims." Carrington Mortgage Services, L.L.C. v. Absolute Business Solutions, L.L.C., 2016 WL 1465339 *3 (D. Nev. 2016) (slip copy). The Court properly has subject matter jurisdiction under 28 U.S.C. § 1332 by complete diversity. Therefore, the Court will analyze Defendant's arguments as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, with the applicable legal standard.

Defendant asks the Court to dismiss Plaintiff's claims for breach of NRS § 116.1113 and Plaintiff's claim for wrongful foreclosure under NRS § 38.310. Section 38.310 provides:

> 1. No civil action based upon a claim relating to:
>
> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
>
> (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38..300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.
>
> 2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Therefore, the Court must address two issues. First, whether NRS § 38.310 applies to the instant dispute. If so, the Court must determine whether the causes of action for which Defendant seeks dismissal are "civil actions" pursuant to the statute. According to § 38.310(2), the Court "must dismiss any civil action" that violates subsection 1.

### A. Whether NRS § 38.310 applies to the instant dispute

Defendant claims NRS § 38.310 bars Plaintiff's claims because the parties failed to mediate the instant dispute pursuant to the statute.[1] Plaintiff alleges the statute only applies to disputes between individual homeowners and homeowners associations, to the exclusion of beneficiaries of deeds of trust. The Nevada Supreme Court has not explicitly decided whether § 38.310 extends beyond individual homeowners to beneficiaries of deeds of trust, such as Plaintiff. See Nationstar Mortgage, L.L.C. v. Sundance Homeowners Ass'n, Inc., 2016 WL 1259391, *4 (D. Nev. Mar. 30, 2016).

To determine whether NRS § 38.310 applies to the instant matter, the Court first examines the statute's plain text. Plaintiff alleges the text of the statute and legislative history evince the legislature's intent to limit the statute's scope to individual homeowners and their HOA disputes. Additionally, Plaintiff claims the statute fails to explicitly state to whom its provisions apply. When interpreting a statute, the Court looks to the "preeminent canon of statutory interpretation," which urges the Court to "presume that the legislature says in a statute what it means and means in a statute what it says there." Building Energetix Corp. v. EHE, L.P., 294 P.3d 1228, 1232 (Nev. 2013) (quoting BedRoc Limited, L.L.C., v. United States, 541 U.S. 176, 183 (2004) (quoting Connecticut National Bank v. Germain, 503 U.S. 249, 253-54 (1992)).

Although, § 38.310 does not explicitly state to whom its provisions apply, it unambiguously asserts the types of claims covered by the statute. It provides, "No civil action

---

[1] In its complaint, Plaintiff stated, "[t]he mediation process set forth in NRS § 38.310 has been completed as of the filing of this action." See Compl. at 3. Although the Court takes all factual allegations as true for the purposes of a motion to dismiss, FRCP 8 requires that a plaintiff allege plausible facts to support its legal conclusions. Ashcroft v. Iqbal, 556 US 662, 664 (2009). Here, Plaintiff's conclusory and vague assertion that it has mediated the instant matter according to NRS § 38.310 is undermined by the lack of factual allegations to support it. In fact, Plaintiff never alleges another fact in the complaint, or in the opposition to the motion to dismiss, to support the claim that it has fulfilled the § 38.310 mediation requirement. It appears that Plaintiff acquiesces to Defendant's assertion that mediation has not been completed.

5

based on a claim relating to . . . [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation . . ." NRS 38.310(1)(a).  Had the legislature intended to limit the statute to individuals and their respective HOA disputes, it could easily have specified.  Rather, the legislature plainly and unambiguously drafted the statute to cover "civil actions" that meet certain criteria. The text of the statute is plain and unambiguous. [2] Therefore, the Court finds NRS § 38.310 applies to the instant matter between Plaintiff, a beneficiary of a deed of trust, and Defendant HOA.  See Nationstar Mortgage, L.L.C. v. Sundance Homeowners Ass'n, Inc., 2016 WL 1259391, *4 (D. Nev. Mar. 30, 2016) (Gordon, J.); See also Carrington Mortgage Services, L.L.C. v. Absolute Business Solutions, L.L.C., 2016 WL 1465339 *3 (D. Nev. Apr. 14, 2016) (slip copy) (Dorsey, J.); But see U.S. Bank, Nat'l Ass'n v. NV Eagles, L.L.C., 2015 WL 4475517 *3 (D. Nev. July 21, 2015) (Jones, J.).

**B.  "Civil actions" pursuant to NRS § 38.310**

According to § 38.310, if Plaintiff's claims are "civil actions" that relate to the "interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rule or regulations adopted by an association," the parties must submit to mediation.  Section 38.310(2) requires the Court to dismiss any civil action that has not first been submitted to mediation.  Section 38.300(3) defines a civil action to include "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property."  Defendant moves to dismiss Plaintiff's breach of NRS § 116.1113 and wrongful foreclosure claims.  The Court will analyze each claim in turn.

---

[2] Thus, the Court does not look to the legislative history to interpret the statute's meaning.

### a. Breach of NRS § 116.1113

NRS § 116.1113 imposes an obligation of good faith on all contracts involving common interest ownership communities. Defendant argues that resolving Plaintiff's breach of good faith claim would force the Court to interpret, apply, or enforce the covenants, conditions, and restrictions in violation of NRS 38.310. The Nevada Supreme Court, reviewing a lower court's dismissal of a Plaintiff's breach of NRS 116.1113 claim, determined NRS breach claims are civil actions pursuant to NRS 38.310. McKnight Family, L.L.P. v. Adept Management Services, Inc., 310 P.3d 555, 558 (Nev. 2013). That court stated Plaintiff's "NRS [claims] required the district court to interpret regulations and statutes that contained conditions and restrictions applicable to residential property." Id. Further, in its complaint Plaintiff seeks monetary damages to remedy its claim, qualifying the claim as a civil matter under NRS § 38.300(3). Therefore, the Court grants Defendant's motion to dismiss Plaintiff's breach of NRS § 116.1113 claim with leave to re-file pending exhaustion of mediation.

### b. Wrongful Foreclosure

Defendant argues that a wrongful foreclosure claim is a civil action under NRS § 38.310 and NRS § 38.300(3), which requires the Court to interpret, apply, or enforce covenants, conditions, or restrictions. The Nevada Supreme Court has determined a wrongful foreclosure claim is a civil action. McKnight, 310 P.3d at 559. That court determined "[a] wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." Id. (citing Collins v. Union Fed. Sav. & Loan, 662 P.2d 610, 623 (Nev. 1983)). To determine whether the authority behind the foreclosure was valid, the Court inevitably will be forced to interpret, apply, or enforce the CC&R. As such, Plaintiff's wrongful foreclosure claim must be dismissed pursuant to NRS § 38.310. Therefore, the Court grants Defendants motion to dismiss

///

Plaintiff's breach of wrongful foreclosure claim with leave to re-file pending exhaustion of mediation.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#37) is **GRANTED**;

It is **FURTHER ORDERED** that Plaintiff's claims for breach of NRS § 116.1113 and wrongful foreclosure against Defendant, Desert Shores Community Association, are **DISMISSED** with leave to re-file pending the exhaustion of mediation according to NRS § 38.310.

DATED this 1st day of August 2016.

_____
Kent J. Dawson
United States District Judge