# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,  )<br>      Plaintiff,                                        )<br>                                                          )<br>vs.                                                       )<br>                                                          )<br>DESERT SHORES COMMUNITY    )<br>ASSOCIATION, RAM, LLC, AND     )<br>MRT ASSETS, LLC,                             )<br>                                                          )<br>      Defendants.                                 )<br>_____) | Case No.  2:15-cv-01776-KJD-CWH<br><br>**REPORT & RECOMMENDATION** |

Presently before the court is Aaron Dean's ("Dean") Motion to Adjudicate Attorney's Lien (ECF No. 56), filed on September 8, 2016. Mr. Dean had represented Defendant MRT Assets ("MRT") in the underlying matter but filed a Motion to Withdraw As Counsel (ECF No. 55), also on September 8, 2016. MRT opposed neither of Dean's motions. (ECF Nos. 58, 59). This court granted Dean's Motion to Withdraw As Counsel (ECF No. 63) on October 11, 2016, and now considers his Motion to Adjudicate Attorney's Lien.

**I.    BACKGROUND**

This action arises from a dispute regarding a non-judicial foreclosure sale occurring in 2013. Dean represented MRT as a party to that dispute. (Mot. to Withdraw at 1.)

In 2005, a borrower obtained a mortgage loan from Countrywide Home Loans, Inc, secured by a deed of trust. (Compl. (ECF No. 1) at ¶ 13.) That deed was later assigned, first to U.S. Bank, then to Nationstar Mortgage, LLC ("Nationstar"). (*Id.* at ¶¶ 14, 15.) The borrower defaulted on both his mortgage and Home Owner's Association ("HOA") payments. (*Id.* at ¶¶ 16, 19.) In 2013, under then-current Nevada law, the HOA foreclosed on the property and sold it to RAM, LLC, for approximately six percent of its estimated fair market value. (Mot. for Summary Judgment (ECF

No. 65) at 4.) In 2015, RAM transferred title of the property to MRT. (Compl. at ¶ 32.)

MRT engaged Dean to defend it against a suit by Nationstar to quiet title on the foreclosed property, among other causes of action not at issue here. (*Id.* at 6–10; Mot. to Adj. Atty's Lien (ECF No. 56) at 1.) Dean executed, and MRT signed, an attorney-client contract, which provided for attorney's fees in the amount of $250 per hour. (Mot. to Adj. Atty's Lien at 8.) The contract granted a lien on any recovery MRT might receive in the Nationwide action and authorized Dean to retain MRT's file in the event that any funds remained owing to Dean at the conclusion of his services. (*Id.* Ex. 1 at 4.) The contract further allowed Dean to move to withdraw as counsel and to recover the costs of that motion if MRT failed to make its monthly payments. (*Id.* Ex. 1 at 2.) Nationstar's litigation against MRT is still pending, but Dean moved to withdraw as MRT's counsel due to irreconcilable differences, a breakdown of communication, and outstanding amounts owed to him. (*Id.* at ¶ 11.) He now moves for the court to adjudicate an attorney's lien in the total amount of $11,382.33. (*Id.* at ¶ 19.) That total includes $10,632.33 for fees for service and finance charges, and $750 in compensation for the time required to prepare this motion. (*Id.* at ¶¶ 12, 19.)

## II.  ANALYSIS

Nevada recognizes two kinds of attorney's liens: (1) a "charging lien" and (2) a "retaining lien." Nev. Rev. Stat. § 18.015 (2015); *Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 782 (Nev. 2009). A charging lien attaches to any recovery obtained by the client in a case for which the attorney provided services and for which fees are due for those services, regardless of whether the attorney was working on the case at the time of recovery. § 18.015(4)(a); *McDonald Carano Wilson v. Bourassa Law Grp.*, 362 P.3d 89, 91 (Nev. 2015). Alternately, a retaining lien attaches to the client's file or other property left in the attorney's possession until the court adjudicates the rights of the attorney, client, or other parties. § 18.015(4)(b).

Dean has not established that he is entitled to a charging lien. The statute states that such a lien attaches to the recovery in the suit for which the attorney provided legal services. § 18.015 ("[T]o any verdict, judgment or decree entered and to any money or property . . . recovered . . . ."). Here, Dean withdrew as counsel while the underlying case was still pending–and is, in fact, still

pending–so no recovery has been made to which a charging lien may attach. However, unlike a charging lien, a retaining lien depends only on possession of the client's file or other property, not recovery, and "applies to a general balance for all professional services performed . . . ." § 18.015(4)(b); *Morse v. Dist. Court*, 195 P.2d 199, 202 (Nev. 1948). Dean provided legal services to MRT for which it has not paid him; he therefore holds a retaining lien against the files MRT left in his possession under NRS § 18.015. The court now considers the reasonable value of Dean's legal services.

### A.  Reasonable Value of Legal Services Rendered

The Nevada Supreme Court has examined the reasonableness of attorney's-fee awards under an agreement and also in the absence of an agreement. *Golightly v. Gassner*, No. 50212, 2009 WL 1470342, at *2 (Nev. Feb. 26, 2009) (noting that the court applied principles of quantum meruit where an agreement was either absent or had been breached by the client). Quantum meruit may apply even in the presence of a contract. *Id.* (evaluating reasonableness of a *discharged* attorney's fees in quantum meruit notwithstanding a valid contingency agreement). However, here, the principles of quantum meruit do not apply. Unlike in *Gassner*, Dean moved to withdraw from the case for cause. Further, the parties signed an attorney-client contract, including a fee agreement. (Mot. to Adj. Atty's Lien Ex. 1.) Per the contract, if MRT fails to challenge any billings within thirty days of receipt, it accepts the costs as "correct, accurate and authorized." (*Id.* at ¶ 8.) MRT reportedly never challenged any billings for Dean's services. (*Id.* at ¶ 9.) Further, MRT did not oppose Dean's motions seeking to withdraw as counsel and to adjudicate this attorney's lien. (Notice of Non-Opp. to Mot. to Withdraw as Attorney (ECF No. 58); Notice of Non-Opp. to Mot. to Adj. Atty's Lien (ECF No. 59).) Given MRT's apparent failure to challenge the contract or to oppose any of Dean's motions, the court sees no reason not to apply the contract's agreed-upon terms, provided they are reasonable under the circumstances.

### 1.  Reasonable Fees and Hours Worked

The Nevada Supreme Court identified four factors to consider when determining attorney's fees: (1) the qualities of the attorney; (2) the character of the work to be done; (3) the work the attorney actually performed; and (4) the result. *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33

(Nev. 1969). District of Nevada Local Rule of Practice 54-14 provides additional guidance. An attorney's withdrawal from a case does not justify non-payment for reasonable hours actually worked on that case. *McDonald Carano Wilson,* 362 P.3d at 91 ("NRS 18.015's plain language makes no distinction between attorneys who worked on a case before recovery and those who were working on a case at the moment of recovery.")

Here, the attorney-client contract reveals an agreed-upon hourly rate of $250 for Dean's services and $125 for those of his paralegal. (Mot. to Adj. Atty's Lien Ex. 1 at 7.) Dean claims that this rate falls within a community standard for the services of an attorney of eleven years litigating a case of moderate complexity such as this one. (Mot. to Adj. Atty's Lien at 8.) Although Dean withdrew while the case was pending, he performed substantial work toward its resolution before communication between the parties broke down. Further, MRT has never attempted to challenge the contract's agreed-upon rate. Applying the *Brunzell* factors, the court agrees that these hourly rates are reasonable. However, Dean does not fully document the hours he and his staff worked on the case.

Dean alleges MRT owes him $10,632.33 in legal fees and finance charges. (*Id.* at Ex. 3 at 2.) Local Rule 54-14 requires that attorneys moving for attorney's fees provide "[a] reasonable itemization and description of the work performed . . . [and] of all costs sought to be charged as part of the fee award . . . ." D. Nev. Civ. R. 54-14(b)(1–2). Dean provides documentation detailing hours worked, activities performed, per-hour rates charged for each activity, and a total amount charged–all for work performed between January 8 and July 23, 2016–totaling $6,937.50. (*Id.* at Ex. 3 at 4–7.) This break down shows charges of $250 per hour for work appropriate to an attorney and $125 for work more suited to a paralegal. (*Id.*) He also submitted invoices for finance charges totaling $494.83. (*Id.* at Ex. 3 at 8–9.) Additionally, a billing statement shows a payment of $1,000 was applied from the retainer balance. (*Id.* at 3; Ex. 1 at 2; Ex. 3 at 2.) This reflects a final total billed to client of $6432.33. The court finds these charges reasonable and supported. However, Dean also includes an invoice indicating a 2015 year-end carry-over amount of $4,200. (*Id.* at Ex. 3 at 3.) He provides no documentation to support that total. The court cannot assess the reasonableness of asserted attorney's fees without supporting documentation. Therefore, the court

awards Dean only the total documented fees owed, $6,432.33.

### 2. Cost of Motion to Adjudicate Attorney's Lien

Dean also requests that the award include payment reflecting Dean's time expended to prepare this motion. (*Id.* at 4.) However, neither case law nor the parties' contract justifies this request. The court is aware of only one Nevada case in which a court addressed a request of this nature. *Montgomery v. eTreppid Technologies, LLC*, No. 3:06-cv-0056-PMP(VPC), 2008 WL 820072 *1 (D. Nev. March 24, 2008). In *eTreppid*, an attorney requested payment for hours spent preparing motions to withdraw and for attorney's fees. *Id.* at *12–13. The parties had no signed fee agreement, so the court determined the reasonableness of fees based on the doctrine of quantum meruit. *Id.* at *3–4. The court awarded fees for hours spent preparing the motion to withdraw but found that the fees for preparing the motion for attorney's fees were not recoverable under quantum meruit. *Id.* at, 12–13.

Here, unlike in *eTreppid*, the parties have a signed contract, the provisions of which do not provide for payment for preparation of a motion to adjudicate an attorney's lien. The contract provides that if the client fails to pay a monthly bill in full, Dean may move to withdraw as counsel, and the cost of that motion will "first be applied to any remaining retainer balance." (Mot. to Adj. Atty's Lien Ex. 1 at 2.) Here, the retainer balance appears to have been exhausted, but the contract is silent regarding any further steps to recover motion preparation costs. Also, the contract makes no mention of procedures for recovering the costs of adjudicating an attorney's lien. Even if the court were inclined to extend the above provision to include motions to adjudicate attorney's liens, the contract does not provide any steps beyond applying the here-exhausted retainer to the cost of preparing Dean's motions. Therefore Dean has not provided authority to allow the court to award him costs associated with preparation of his Motion to Adjudicate Attorney's Lien, and the court will not do so.

//

//

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Aaron Dean's Motion to Adjudicate Attorney's Lien (ECF no. 56) is GRANTED in part and DENIED in part. Dean's request for a retaining lien for $6432.33 for his services from January 8 through July 23, 2016, plus finance fees, is GRANTED. Dean's request $4,200 for his services in 2015 is DENIED without prejudice. Dean's request for fees for preparation of this motion is DENIED.

**NOTICE**

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991)

DATED: January 13, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**