UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF HARBORVIEW 2005-16, | Case No. 2:15-cv-1776-KJD-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| DESERT SHORES COMMUNITY ASSOCIATION, *et al.*, | |
| Defendants. | |

Before the Court is plaintiff U.S. Bank's second motion for partial summary judgment (#100). Defendants MRT Assets, LLC (#103) and Desert Shores Community Association (#104) responded, and U.S. Bank replied (#106).

This is a dispute over who holds superior title in a residential property located at 3001 Treasure Island Rd., Las Vegas, NV 89128. The home is part of the Desert Shores Community Association and is subject to certain covenants, conditions, and restrictions ("CC&Rs"). The former owner of the property defaulted on his association and mortgage obligations, which prompted Desert Shores to foreclose on the property. U.S. Bank tried to halt the foreclosure by tendering payment for the superpriority portion of Desert Shore's lien, but the association refused the payment. It then sold the property to RAM, LLC at a trustee sale, who later conveyed the property to MRT Assets.

U.S. Bank[1] now asks the Court to declare that its deed of trust survived Desert Shores' foreclosure because the bank tried to cure the superpriority lien before the trustee sale. If true, U.S. Bank's holds the first deed of trust, and MRT Assets purchased the property subject to the

---

[1] U.S. Bank replaced the original plaintiff in this case, Nationstar Mortgage, by stipulation. Stip. to Substitute, ECF No. 86. Unless necessary, the Court refers to plaintiff as U.S. Bank.

bank's interest. MRT Assets has counterclaimed for quiet title and a declaration that U.S. Bank's tender did not save the bank's interest from extinguishment. U.S. Bank is correct that its tender cured the superpriority portion of Desert Shores' lien. As a result, the bank's deed of trust survived foreclosure, and MRT Assets took the property subject to U.S. Bank's interest. The Court therefore grants U.S. Bank's motion for summary judgment.

## I. Background

### A. Factual History

Former owner and non-party, Hagob Palikyan purchased the home at 3001 Treasure Island Rd. in 2005. Pl.'s Mot. Summ. J. Ex. A 2, ECF No. 100. Countrywide Home Loans financed the purchase and secured the loan with a deed of trust against the property. Id. The deed of trust was assigned to U.S. Bank in 2011. Id. Ex. B. Palikyan eventually fell behind on his mortgage and association assessments, which prompted Desert Shores to begin foreclosure proceedings. Id. Ex. C. Desert Shores—through Nevada Association Services—recorded a notice of delinquent assessment lien in June of 2012. Id. When Palikyan failed to cure the default, Nevada Association Services recorded a notice of default and election to sell. Id. Ex. D. Palikyan again failed to cure the default, and Nevada Association Services sold the property to RAM, LLC at a trustee sale for $10,100.00. Id. Ex. J. RAM then conveyed the property to MRT Assets by quitclaim deed. Id. Ex. K.

U.S. Bank tried to cure the superpriority portion of Desert Shores' lien before RAM, LLC purchased the property. The bank's prior servicer, Bank of America, retained Miles, Bauer Bergstrom & Winters to work with Desert Shores to calculate and satisfy the outstanding delinquency. Id. Ex. E. Miles Bauer contacted Nevada Association Services in writing seeking the superpriority portion of the association's delinquency. Id. Nevada Association Services did not respond. Id. Without the association's help, the bank was forced to calculate the outstanding balance on its own. To do so, the bank consulted a ledger of fees from a different property in the Desert Shores Community Association. Id. It then remitted payment to Nevada Association Services for $977.27—nine months' assessments plus late fees, and collection costs. Id. Nevada Association Services rejected the payment and returned the check to Miles Bauer. Id.

**B. Procedural History**

U.S. Bank then brought this case to quiet title in the property. Compl., ECF No. 1. Desert Shores moved to dismiss because the parties had not yet mediated the foreclosure under NRS § 38.310. Def.'s Mot. to Dismiss, ECF No. 37. The Court granted the motion with leave to amend following the mediation. Order on Mot. to Dismiss, ECF No. 44. In the interim, the Court stayed the case pending the final determinations in <u>Bourne Valley Ct. Tr. v. Wells Fargo Bank</u>, 832 F.3d 1154 (9th Cir. 2016) and <u>Saticoy Bay v. Wells Fargo Bank</u>, 388 P.3d 970 (Nev. 2017). Order to Stay 1, ECF No. 78. The Court has since lifted the stay, and U.S. Bank has amended its complaint. First Am. Compl., ECF No. 90. The parties completed discovery and filed dispositive motions. Since then, U.S. Bank voluntarily dismissed RAM, LLC. Notice Vol. Dismissal, ECF No. 110. That leaves Desert Shores, MRT Assets, and Nevada Association Services[2] as defendants.

**II.    Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–24 (1986); <u>Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture</u>, 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); <u>Celotex</u>, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. <u>Kaiser Cement Corp. v. Fischbach & Moore, Inc.</u>, 793

---

[2] Although U.S. Bank served Nevada Association Services with a summons and a copy of its first amended complaint on January 7, 2019, the entity has not answered or participated in the suit in any way. The Clerk of the Court entered a notice of default against Nevada Association Services on March 26, 2019. Clerk's Entry of Default, ECF No. 108.

1  F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must

2  show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

3         **III.    Analysis**

4         U.S. Bank moves for summary judgment on its quiet title and declaratory relief claim

5  against Desert Shores, MRT Assets, and Nevada Association Services. It makes three arguments

6  in support: (1) that the bank's attempt to satisfy Desert Shores' superpriority lien before

7  foreclosure constituted valid tender and preserved its deed of trust; (2) that Desert Shores

8  foreclosed under an unconstitutional version of NRS § 116.3116 thereby preserving U.S. Bank's

9  interest in the property; and (3) that the foreclosure is void because the foreclosure sale was

10 commercially unreasonable. See generally Pl.'s Mot. Summ. J., ECF No. 100. U.S. Bank is

11 correct that its tender preserved its deed of trust from extinguishment. Because the Court can

12 grant summary judgment on that basis alone, it need not reach the bank's other arguments.

13        Nevada law allows homeowners associations to charge their members monthly

14 maintenance dues and fees. When a homeowner falls behind on those assessments, the

15 association may record a lien against the property for the delinquent balance. See NRS

16 § 116.3116(1) (2015). The association's lien divides into two pieces: a superpriority portion and

17 a subpriority portion. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408, 411 (Nev. 2014)

18 ("SFR 1"). The superpriority portion is limited to nine months of unpaid assessments and any

19 nuisance-abatement fees. Id. citing NRS § 116.3116(2). That portion of the association's lien is

20 superior to all other encumbrances—including a lender's deed of trust. See NRS

21 § 116.3116(3)(b); SFR 1, 334 P.3d at 412. Thus, failure to satisfy the association's superpriority

22 lien results in the extinguishment of the first deed of trust. SFR 1, 334 P.3d at 419. The

23 subpriority piece includes the remaining delinquent balance. It does not receive superpriority

24 position. Id. at 411.

25        However, the Nevada Supreme Court has clarified that a lender may preserve its deed of

26 trust against extinguishment when it tenders the superpriority amount before foreclosure. Bank

27 of America, N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 118 (Nev. 2018) ("SFR 2"). SFR 2

28 presents facts similar this case. There, Bank of America held the deed of trust on a home in a

common interest community subject to certain CC&Rs. Id. at 116. When the prior homeowner

defaulted on his monthly assessments, the association foreclosed on the property and sold it at a

trustee sale. Id. Before the sale, Bank of America contacted the association to request the

outstanding superpriority lien balance and offer payment. Id. Based upon the association's

representations, the bank tendered a check for $720, or nine months of assessments. Id. The

association rejected the tender and proceeded with the foreclosure. Id. The association claimed

that it rejected Bank of America's tender in good faith because the tender was conditional. Id. at

117. The Nevada Supreme Court rejected that argument. It held that tender preserved a deed of

trust from extinguishment so long as the tender was for the entire amount of the lien and did not

include any conditions the lender was not authorized to include. Id.

That is the case here. U.S Bank's tender was valid because it satisfied the entire

superpriority amount and did not include any conditions that it did not have authority to request.

Turning first to the amount of the check, U.S. Bank made every reasonable effort to satisfy the

superpriority portion of Desert Shore's lien. When Nevada Association Services refused to

disclose the outstanding delinquency, the bank calculated the delinquency itself using a ledger

from another property within the Desert Shores common interest community.[3] The ledger

identified the monthly assessment amount as $59.40. Pl.'s Mot. Summ. J. Ex. E-2. U.S. Bank

then multiplied the monthly assessment amount by nine according to NRS § 116.3116(3)(b)'s

guidance on superpriority liens. Then, U.S. Bank included nine late fees, which the ledger

identified as $10 per month, and included an additional $352.67 in collection fees. Id. In all, the

bank issued a check for $977.27. Id.

Neither Desert Shores nor MRT Assets disputes U.S. Bank's check did not cure the

superpriority portion of Desert Shores' lien. Rather, MRT Assets argues that U.S. Bank's tender

is not valid because it "did not elect to send the precise super-priority amount." MRT Asset's

Resp. to Mot. Summ. J 6, ECF No. 103. The crux of the argument is that U.S. Bank's calculation

of collection fees created confusion over the association's right to foreclose. Id. Setting aside that

---

[3] The bank referenced the ledger of 3008 Treasure Island Road. The disputed property in this case is located at 3001 Treasure Island Road.

Nevada Association Services refused to provide the "precise super-priority amount" despite the bank's efforts, neither Desert Shores nor MRT Assets have presented evidence that the bank omitted a charge that it should have paid.

If anything, U.S. Bank overpaid. NRS § 116.3116 restricted the superpriority lien to nine months of assessments and any nuisance and abatement charges. There is no evidence that there were any nuisance and abatement fees owed. That would leave U.S. Bank owing only nine months of assessments and late fees, which its check satisfied. For good measure, the bank included collections costs that it deemed reasonable. Therefore, there is no genuine issue of material fact surrounding the sufficiency of U.S. Bank's tender.

In sum, U.S. Bank's valid tender cured the superpriority portion of Desert Shores' lien and preserved its deed of trust. See SFR 2, 427 P.3d at 121. Desert Shores only foreclosed on the subpriority portion of its lien and could not convey full title to the property to MRT Assets. As a result, MRT Assets acquired the property subject to U.S. Bank's deed of trust. Therefore, the Court grants U.S. Bank's motion for summary judgment on its quiet title claim against Desert Shores, MRT Assets, and Nevada Association Services.

**IV.** **Conclusion**

Accordingly, IT IS HEREBY ORDERED that U.S. Banks's motion for summary judgment (#100) is **GRANTED**.

The Court declares that the Desert Shores non-judicial foreclosure and subsequent sale of the property located at 3001 Treasure Island Rd., Las Vegas, NV 89128 did not extinguish U.S. Bank's first deed of trust. It also declares that any interest MRT Assets claims in the property is subject to U.S. Bank's deed of trust.

IT IS FURTHER ORDERED that U.S. Bank shall file its motion for default judgment against Nevada Association Services within fourteen days of the entry of this order.

Dated this 5th day of June, 2019.

_____
Kent J. Dawson
United States District Judge

- 6 -